Filed 5/7/13  P. v. Farrand CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>STEVEN FARRAND,<br><br>    Defendant and Appellant. | B241936<br><br>(Los Angeles County<br>Super. Ct. No. KA094373) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jack P. Hunt, Judge.  Affirmed.

Steven Farrand, in pro. per., and Elizabeth A. Courtenay, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————————

Steven Farrand was charged in a felony complaint with possession of a controlled substance (heroin) under Health and Safety Code section 11350, subdivision (a). The complaint specially alleged Farrand had suffered three prior serious or violent felony convictions within the meaning of the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d)) and had previously served four separate prison terms for felonies (Pen. Code, § 667.5, subd. (b)). Represented by appointed counsel, Farrand pleaded not guilty to the charge and denied the special allegations.

Farrand waived his rights to a preliminary hearing and to trial and entered a negotiated plea of no contest, both orally and in writing, to possession of heroin and admitted one prior strike allegation, on condition the trial court stay a six-year sentence and refer him to the California Rehabilitation Center (CRC) to determine his eligibility for commitment. Defense counsel joined in the waivers of Farrand's constitutional rights. The police and probation reports formed the factual basis for the plea. The trial court found Farrand's waivers, plea and admissions were voluntary, knowing and intelligent.

In accordance with the plea agreement, the trial court imposed a six-year state prison term, consisting of the upper three-year term doubled under the Three Strikes law, stayed execution of sentence, and referred Farrand to the CRC for suitability evaluation and possible treatment. The remaining special allegations were dismissed on the People's motion.

Farrand was subsequently excluded from the CRC as ineligible based on his criminal history. The trial court denied Farrand's requests to withdraw his plea and ordered executed the previously stayed six-year state prison sentence. The court ordered Farrand to pay a $40 court security fee, a $30 criminal conviction assessment, and a $200 restitution fine. The court imposed and suspended a parole revocation fine pursuant to Penal Code, section 1202.45. Farrand was awarded a total of 320 actual days of presentence credit.

Farrand timely filed a notice of appeal and checked the preprinted box indicating, "this appeal is based on the sentence or other matters occurring after the plea." As

grounds for seeking a certificate of probable cause, Farrand claimed he was unfairly rejected by the CRC after having been accepted for commitment. Defense counsel also filed a notice of appeal specifically challenging the imposition of the six year sentence. Their requests for a certificate of probable cause were denied.

We appointed counsel to represent Farrand on appeal. After an examination of the record, counsel filed an opening brief in which no issues were raised. On December 21, 2012, we advised Farrand he had 30 days in which to personally submit any contentions or issues he wished us to consider. On March 4, 2013, we allowed Farrand to file his late handwritten response, in which he asserted ineffective assistance of counsel and "illegal sentencing" as grounds for appeal. Farrand also maintained he had been suffering from mental health issues at the time of his plea. Finally, he claimed it was his understanding that if he had not agreed to the six-year sentence, he would have been ineligible for CRC commitment; and in fact he was initially accepted for treatment, only to be unfairly excluded later because of his prior strike conviction.

A criminal defendant who appeals following a plea of no contest or guilty without a certificate of probable cause can only challenge the denial of a motion to suppress evidence or raise grounds arising after the entry of the plea that do not affect the plea's validity. (Cal. Rules of Court, rule 8.304(b)(1).) Farrand's appeal is inoperative to the extent he is challenging the validity of his plea or admission as well as the six-year sentence imposed as part of his plea. Regarding the issues specifically identified in Farrand's supplemental brief, they either amount to an attack on the validity of the plea itself, are not germane to his conviction or sentence or concern matters that are not supported in the record on appeal, including his suggestion his plea was not knowing and intelligent, and his assertion defense counsel provided ineffective assistance at any time during the proceedings in the trial court. (*Strickland v. Washington* (1984) 466 U.S. 668, 686 [104 S.Ct. 2052, 80 L.Ed.2d 674].)

With respect to other potential sentencing or post-plea issues that do not in substance challenge the validity of the plea itself, we have examined the record and are satisfied Farrand's attorney has fully complied with the responsibilities of counsel and no

arguable issue exists.  (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The judgment is affirmed.


ZELON, J.

We concur:


PERLUSS, P. J.


WOODS, J.

4